33 C.C.P.A.(Patents)

### In re FALTER.

#### Patent Appeal No. 5171.

Court of Customs and Patent Appeals.

June 27, 1946.

Marston Allen, of Cincinnati, Ohio, for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner finally rejecting claims 13 to 15, inclusive, 25 and 29 of an application for a patent for a "Manifolding Assembly" as unpatentable over the patent to Mears, 1,042,-707, October 29, 1912. Twenty-one claims were allowed.

The claims of the application fall into three groups: (1) to a stapling apparatus; (2) to a method of loose stapling; and (3) to a manifold assembly. All of the claims to the stapling apparatus were allowed; all but one of the claims to the method of loose stapling were allowed, and one relating to the manifold assembly was allowed. The rejected claims consist of method claim 25, and claims 13, 14, 15, and 29 for the manifold assembly. Claims 14, 15, and 25 are illustrative of the subject matter and read as follows:

"14. A manifolding assembly for advancement past the recording position of a writing or imprinting machine including a plurality of superposed sheets and an oscillatory staple loosely connecting the sheets for to and fro swinging motion into different angular relation thereto, the legs of which are clenched in such relation to the head of the staple that they are of greater extent than the thickness of the assembly the construction and arrangement being such that the oscillatory adjustment of the staple relative to the sheets enables the formation of a compact packet for convenient passage through a writing or imprinting machine."

"15. A manifolding assembly including a plurality of superposed sheets and a staple loosely interconnecting the sheets, the staple being capable of oscillatory motion into different positions inclined to the planes of the sheets enabling the staples to be deflected into acutely inclined relation with the planes of the sheets, whereby the sheets may be adjusted relative to each other and relative to the staple into echelon formation."

"25. The herein described method of collating a manifolding assembly of superposed record sheets for passage through a writing or imprinting machine and past the recording position thereof, including loosely stapling an assembly of superposed sheets, by thrusting a staple through the sheet assembly, and clenching the legs of the staple in spaced relation with the head of the staple greater than the thickness of the sheet assembly to thereby enable oscillatory adjustment of the staple relative to the planes of the sheets and disposing the staple in a plane in acutely inclined relation with the sheets to facilitate its passage through a writing or imprinting apparatus."

The invention relates particularly to a method and means for loosely stapling sheets or strips of a manifolding assembly so that while fastened together the loose stapling permits the sheets or strips to shift one relative to the other.

The Mears patent relates to the stitching of leaves in signature form by means of staples, the legs of which are longer than the width of the signatures to be fastened. Its purpose is to so fasten the signatures that when a book is fully opened at any place it will remain in a flat position. The specification shows that each sheet is hinged by being flexed along a line near its rear edge, such hinging enabling the opened book to lie flat. The staples or stitches of wire are placed between the hinge line and the back edge of the assembly.

The examiner pointed out that claims 13 and 14, providing for the assembly of sheets and staples, the legs of which are longer than the thickness of the sheets, were clearly met by the Mears structure, and the limitations in those claims that the staple be oscillatory into angular position with respect to the planes of the sheets and the shiftability of the sheets relative to one another along the legs of the staple were not considered by him to be patentable distinctions over the cited prior art.

He further stated that the Mears assembly was capable of such movements.

With respect to claims 15 and 29, he held them to be fully met by the structure of the Mears patent for the stated reason that it showed a staple loosely connecting a plurality of sheets and capable of assuming an acute angular relation therewith.

He rejected method claim 25 for the reason that the oscillatory adjustment of the staple for feeding through the writing machine was a mere function of the assembly and further that the assembly of the Mears patent was capable of oscillatory movement.

In its decision the board followed the reasoning of the examiner.

It appears to us that any relative movement between the sheets and staples of appellant's assembly must of necessity be controlled by the relative length of the staple legs and the diameter of the holes in the sheets through which they extend.

That staples have been used in connection with the fastening of manifolding strips or sheets is acknowledged to be old in appellant's specification, wherein it is further stated that at least in one instance shifting of the sheets or strips has been attempted by means of preformed holes larger in diameter than the staple legs, which would permit relatively restricted longitudinal adjustment. He further states that the legs of his staples are manipulated during the stapling operation to enlarge the holes, resulting in lateral adjustment of the sheets as well.

In our opinion, the structure of the Mears assembly permits oscillatory movement between the sheets and the staples. Of course, such movement is not designed to to be as free or extended as that of appellant's structure, but since it may be obtained we deem the structure to be sufficient in a patentable sense to justify the rejection of the claims. In the Mears assembly when the book is fully opened the legs of the staples are at an angle of less than 90° and, therefore, the requirement of an acute angle in such relationship is met.

For the reasons given the decision of the Board of Appeals is affirmed.

Affirmed.